PER CURIAM.
By petition for writ of certiorari, A.J.L. challenges orders vacating a judgment of paternity and according S.P. party status in this very unusual unified dependency and paternity action. Because we are unconvinced that the orders depart from the essential requirements of the law and because this matter could be adequately reviewed on appeal after a full evidentiary hearing and entry of a final judgment, we deny the writ.
R.H., the Mother, gave birth to J.L. in late 2006. At the time, A.J.L. was her boyfriend. He has never married R.H.[1] The Mother had difficulties raising J.L., and the Department of Children and Family Services (“DCF”) brought a dependency action against R.H. before the child’s first birthday. Apparently, DCF initially treated A. J.L. as the biological father but later realized that he was an unrelated boyfriend.
During the period when DCF assumed that A.J.L. was the biological father, J.L. was placed with A.J.L. Apparently, the child has been with A.J.L. at all times since December 2007. There can be little doubt that a strong bond has developed between the child and this man who has served as the child’s father. A.J.L. understandably wants all of the rights and responsibilities of a legal father.
In 2008, the Department of Revenue filed a paternity action seeking to obtain support from A.J.L. In that action DNA testing was performed in 2010, and the *1089 results excluded A.J.L. as a possible biological father. DCF was apparently aware of these test results.
In August 2010, during a mediation aimed at resolving the dependency proceeding, DCF, R.H., and A.J.L. entered into a stipulation that A.J.L. would be treated as the legal father. That stipulation resulted in the entry of a final judgment of paternity in the dependency action in December 2010.
The Mother moved to set this judgment aside, asserting that she was under duress at the mediation and did not have a full opportunity to digest the ramifications of the stipulation or to ask questions. She also asserted that she believed S.P. was the biological father of J.L. The trial court declared the Mother’s motion moot and vacated the judgment of paternity pursuant to Florida Rule of Juvenile Procedure 8.265(a) based on invited error in that no one had ever advised the trial court that DNA testing revealed that A.J.L. was not the biological father of J.L. Because A. J.L. was not the biological father of J.L. and had never been married to the Mother, the court ruled that A.J.L. could not be declared the legal father of J.L.
In June 2011, the mother filed a paternity action against S.P. In that proceeding, DNA had established a high probability that S.P. is the biological father of J.L. The paternity action was united with the dependency action as companion cases. Subsequently, the trial court granted S.P.’s motion to intervene in the dependency action and accorded him party status.
From this record, it appears that the trial court has merely reopened the final judgment of paternity and decided to revisit the entire case to determine the actual facts and then make a considered legal decision based on those facts. We see nothing in these orders that should be disturbed by a writ of certiorari.
This court initially denied this petition by unpublished order. On rehearing, both A.J.L. and DCF have taken the position that we must grant certiorari because DCF is a respondent and has conceded error. This argument is somewhat disingenuous. The orders entered are adverse to A.J.L. and apparently adverse to the outcome that DCF desires. The orders are favorable to S.P. and the Mother.
Under Florida Rule of Appellate Procedure 9.100(b), when a party to a circuit court proceeding elects to file a petition for writ of certiorari, as an original proceeding in this court, it is required to list all other parties to the circuit court action as respondents. Thus, A.J.L. properly listed DCF as a respondent. However, because DCF wished to support the position of A.J.L., it should not have filed a response to the petition as a respondent. Instead, it should have filed a motion under rule 9.360(a) to join as a petitioner. Its “concession” does not deprive S.P. and the Mother of their right to argue that the challenged orders do not depart from the essential requirements of the law.
The petition for writ of certiorari is denied.
ALTENBERND, WHATLEY, and WALLACE, JJ., Concur.

. A.J.L.’s name appears on a birth certificate, but there are strong indications that this certificate is a forgery.